UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| SUZETTE LOCKART, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: |
| | ) |
| RGL ASSOCIATES, INC. AND | ) |
| SEAN KASPER, | ) |
| | ) |
| Defendants. | ) |

## Complaint for Damages

Plaintiff ("Plaintiff") files her Complaint for Damages against the Defendants ("Defendants") for their willful, intentional, and/or negligent violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq*. (hereinafter "FDCPA"), and under Georgia's Fair Business Practices Act, OCGA §§ 10-1-390 *et seq*. (hereinafter "FBPA").

## Jurisdiction

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This Court has subject matter jurisdiction of claims arising under the FDCPA which invokes federal question jurisdiction pursuant to 28 U.S.C. § 1331.

3. This Court also has supplemental jurisdiction with regard to Plaintiff's pendent state law claims and under the doctrine of supplemental jurisdiction as set forth in 28 U.S.C. § 1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2).

5. Venue is proper in this Court because the acts and transactions occurred in this District, Plaintiff resides in this District, and regularly seeks to collect from consumers residing in this District and in the Division.

## Parties

6. Plaintiff is a natural person residing in Warner Robins, Georgia, which is located in Houston County, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and/or a person affected by a violation of the FDCPA with standing to bring this claim under 15 U.S.C. § 1692k(a).

7. Plaintiff is a "consumer" as that term is defined by O.G.C.A. § 10-1-392(a)(6).

8. Defendant RGL Associates, Inc. ("RGL") is a debt collection company operating within, and actively collecting consumer debts in, the State of Georgia, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

9. Summons and Complaint may be served on Defendant RGL by service on its registered agent for service of process in Georgia, Sean R. Kasper 1801 Peachtree Street, Suite 155, Atlanta, GA, 30309, or wherever they may be found.

10. Defendant RGL directed communications to Plaintiff using means of interstate commerce while Plaintiff resided in Georgia and in this judicial district.

11. Defendant RGL uses the mails and interstate commerce in the collection of consumer debts regularly.

12. Defendant RGL regularly contacts consumers and attempts to collect debts from consumers residing in this judicial district.

13. Defendant RGL's principle purpose is the collection of debts.

14. Defendant Sean Kasper ("Kasper") is a debt collection attorney operating within, and actively collecting consumer debts in, the State of Georgia, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

15. Summons and Complaint may be served on Defendant Kasper by service at 1801 Peachtree Street, Suite 155, Atlanta, GA, 30309, USA, or wherever he may be found.

16. Defendant Kasper directed communications to Plaintiff using means of interstate commerce while Plaintiff resided in Georgia and in this judicial district.

17. Defendant Kasper uses the mails and interstate commerce in the collection of consumer debts regularly.

18.     Defendant Kasper regularly contacts consumers and attempts to collect debts from consumers residing in this judicial district.

19.     Defendant Kasper's principle purpose is the collection of debts.

## Statutory Scheme

## The Fair Debt Collection Practices Act

20.     Congress enacted the FDCPA to "eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

21.     Debt is a big business in America. In the first quarter of 2017, U.S. household debt exceeded 12.73 trillion dollars.[1] This number exceeds the gross domestic product of China.[2] Credit card debt accounted for six percent or 763.8 billion dollars' worth of household debt. By April of 2017, the Federal Reserve

---

[1] *Household Debt Makes a Comeback in the U.S.*, New York Times (May 2017) accessed on Mar. 4, 2018 at https://www.nytimes.com/2017/05/17/business/dealbook/household-debt-united-states.html
[2] *In Debt We Trust for U.S. Consumers With $12.7 Trillion Burden*, Bloomberg (Aug. 2017) accessed on Mar. 3, 2017 at https://www.bloomberg.com/news/articles/2017-08-10/in-debt-we-trust-for-u-s-consumers-with-12-7-trillion-burden

reported Americans had the highest credit card debt in history as the number soared past the one trillion-dollar mark.[3]

## The Georgia Fair Business Practices Act

22. The Georgia legislature enacted the GFBPA "to protect consumers and legitimate business enterprises from unfair or deceptive practices in the conduct of any trade or commerce in part or wholly in the state. It is the intent of the General Assembly that such practices be swiftly stopped, and this part shall be liberally construed and applied to promote its underlying purposes and policies."

23. The FDCPA and GFBPA all provide for enforcement of their respective protections and civil liability through consumers acting as private attorneys general.

## Defendants' Collection Scheme

24. Defendant Kasper is the registered agent for Defendant RGL.

25. Defendant Kasper also serves (in some capacity) as counsel for Defendant RGL.

26. Defendant RGL directs Defendant Kasper to file various collection lawsuits on behalf of Defendant RGL.

27. Collectively, Defendants have obtained contracts or assignments to collect defaulted debt for various healthcare providers throughout Georgia.

---

[3] *Americans Now Have the Highest Credit-card Debt in U.S. History*, Marketwatch (Aug. 2017) accessed on Mar. 4, 2017 at https://www.marketwatch.com/story/us-households-will-soon-have-as-much-debt-as-they-had-in-2008-2017-04-03

28. One such healthcare provider is Houston Healthcare, which is based in Warner Robins, Georgia.

29. Defendant RGL obtains "authorization" from the healthcare provider to have Defendant Kasper file a civil suit against individual consumers.

30. Defendant RGL also obtains authorization for Defendant Kasper to communicate through Defendant RGL regarding the consumer's account from the healthcare provider.

31. Defendants then file collection actions, typically in Magistrate Court, in the name of the healthcare provider.

32. Defendant Kasper is never formally retained by the healthcare providers.

33. Defendants' agreement violates the rules of the Georgia Bar, amounts to the unauthorized practice of law, and is void as against public policy.

34. Despite filing suits in the name of the healthcare provider, the address listed for the plaintiff in these civil actions is a P.O. Box associated with Defendant RGL.

## Facts Common to All Counts

35. Sometime prior to October 10, 2017, Plaintiff incurred a financial obligation ("Debt") with Houston Healthcare.

36. The Debt is alleged to have arisen from one or more transactions.

37. The Debt was primarily for personal, family, or household purposes.

38. Defendants regularly engage in the collection of debts.

39. Defendants' principle purpose is the collection of debts like the Debt at issue.

40. The Debt was placed with, obtained by, or assigned to Defendants for the purpose of collecting or attempting to collect the Debt.

41. The Debt was in default or alleged to be in default at the time it was placed with, obtained by, or assigned to Defendants.

42. On October 10, 2017, Defendants filed a collection action ("the collection action") against Plaintiff in the Magistrate Court of Houston County.

43. A redacted copy of Defendants' October 10, 2017 Statement of Claim is attached hereto as Exhibit "A."

44. Defendant Kasper was directed to file the collection action by Defendant RGL against Plaintiff.

45. Plaintiff received Defendants' collection action.

46. Defendants' collection action was brought in the name of "Houston Hospital Inc."

47. Defendants' collection action lists the address for "Houston Hospital Inc." as P.O. Box 1054 Brunswick, Georgia, 31521.

48.     "Houston Hospitals Inc." does not maintain a mailing address in Brunswick, Georgia.

49.     "Houston Hospitals Inc." is the named plaintiff in the collection action to imply the collection action was commenced by Houston Healthcare and to intimidate consumers, like Plaintiff, into believing she could not receive further treatment from Houston Healthcare because of this outstanding lawsuit.

50.     Defendants' collection action was an attempt to collect a medical debt, which was incurred for primarily personal, family, or household purposes.

51.     Defendants' collection action alleges Plaintiff owed "Houston Hospitals Inc." the sum of $890.00 and $105.00 in costs as of October 10, 2017.

52.     Plaintiff did not owe "Houston Hospitals Inc." $890.00 plus $105.00 in costs as of October 10, 2017.

53.     Defendants' contract with the alleged healthcare provider is illegal and void as against public policy and, thus, Defendants were not authorized to collect any amount from Plaintiff on October 10, 2017 or anytime thereafter.

54.     As a matter of pattern and practice, Defendant RGL prepares form pleadings, like the collection action attached as Exhibit "A," and Defendant Kasper signs the same without any meaningful attorney involvement until the matter is placed on a trial calendar.

55. Plaintiff filed an answer to the collection action, by way of counsel, on November 2, 2017.

56. Defendants had knowledge that Plaintiff was represented by counsel, beginning November 2, 2017.

57. Despite knowing Plaintiff was represented by counsel, Defendant Kasper communicated directly with Plaintiff and convinced her to sign a consent judgment on, or about, January 19, 2019.

58. As a result of Defendants' violations of the FDCPA and FBPA, a wrongful consent judgment was entered against Plaintiff in the amount $890.00 plus $105 in costs. Plaintiff additionally suffered invasion of her statutory rights and mental distress.

## Causes of Action

## Count I – Violations of the Fair Debt Collection Practices Act
## 15 U.S.C. §§ 1692 et seq.

59. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

60. The debt identified in the collection action filed by Defendants is a "debt" as that term is defined by 15 U.S.C.

61. Defendants are each a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

62. The conversation Defendants had with Plaintiff on or about January 29, 2019 is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

63. Defendants violated 15 U.S.C. § 1692e by seeking to collect amounts Defendants were not authorized to collect in violation of § 1692e(2)(A).

64. Defendants violated 15 U.S.C. § 1692f by seeking to collect amounts Defendants were not authorized to collect in violation of § 1692f(1).

65. Defendants violated 15 U.S.C. § 1692c by communicating directly with Plaintiff on or about January 29, 2019 in violation of § 1692c(a)(2).

66. As a result of each Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

## **Count II – Georgia Fair Business Practices Act**
## **O.C.G.A. §§ 10-1-390 *et seq*.**

67. Plaintiff is a "consumer" as that term is defined by O.C.G.A. § 10-1-393(a)(6).

68. A "consumer transaction" occurred, as that term is defined by OCGA § 10-1-393(a)(10), when Plaintiff received medical treatment from Houston Healthcare.

69. The collection of debt related to consumer transactions is also considered a "consumer transaction," as that term is defined by OCGA § 10-1-393(a)(10). *1st Nationwide Collection Agency, Inc. v. Werner*, 288 Ga. App. 457, 459 (2007).

70. Plaintiff's counsel mailed an ante litem notice to Defendants by certified mail in compliance with OCGA § 10-1-399(b) on April 27, 2019.

71. Defendant RGL violated OCGA § 10-1-393(a) by violating the FDCPA in the following ways:

   a) by seeking to collect amounts Defendant RGL was not authorized to collect in violation of 15 U.S.C. § 1692e(2)(A);

   b) by seeking to collect amounts Defendant RGL was not authorized to collect in violation of 15 U.S.C. § 1692f(1);

   c) by implying there was meaningful attorney involvement in the preparation, drafting, and filing of the collection action in violation of 15 U.S.C. § 1692e(10); and

   d) by communicating directly with Plaintiff on or about January 29, 2019 while knowing she was represented by counsel in violation of 15 U.S.C. § 1692c(a)(2).

72. Defendant's violations of the FPBA were done intentionally and willfully, were not the result of error, and were not in conformity with any law, regulation, consent order, or other promulgation of rules.

73. Plaintiff is entitled to the trebling of any actual and statutory damages she sustained as a result of the Defendant's intentional and/or willful violations of the FBPA pursuant to O.C.G.A. § 10-1-399(c) and, reasonable attorney's fees and costs pursuant to O.C.G.A. § 10-1-399(d) from Defendant.

## Demand for a Jury Trial

74. Trial by jury is hereby demanded.

**WHEREFORE**, Plaintiff prays that this Court:

a) Find that Defendants' behavior violates the FDCPA;

b) Find that Defendant RGL intentionally violated the FBPA;

c) Enter judgment in favor of Plaintiff Lockart and against Defendants for statutory damages, actual damages, costs, and reasonable attorney's fees as provided by § 1692k(a) of the FDCPA;

d) Enter judgment in favor of Plaintiff Lockart and against Defendant RGL for general damages, costs, and reasonable attorneys' fees as provided by §§ 10-1-399(a) and (d) of the FBPA;

e) Enter judgment in favor of Plaintiff Lockart and against Defendant RGL for treble damages as provided by § 10-1-399(c).

f) Enter judgment in favor of Plaintiff Lockart and against Defendants for interest in accordance with § 51-12-14(a) of the Unliquidated Damages Interest Act;

g) Enter judgment in favor of Plaintiff in an amount to offset any tax liability incurred by Plaintiff as a result of acting as a private attorney general and enforcing the FDCPA; and,

h) Grant such other and further relief as the Court may deem just, necessary or appropriate.

Submitted July 8, 2019.

        **DANIELS LAW LLC**

        /s/Ronald Edward Daniels
        RONALD EDWARD DANIELS
        Georgia Bar No.: 540854
        Counsel for Plaintiff

P.O. BOX 4349
Eastman, GA 31023
478.227.7331 (t)
478.352.0173 (f)
ron@dlawllc.com
rondanielslaw.com

/s/ Clifford Carlson
Clifford Carlson
Georgia Bar No. 227503

Cliff Carlson Law, P.C.
1114-C1 Highway 96 #347
Kathleen, Georgia 31047
Tel. 478-254-1018
cc@cliffcarlsonlaw.com

# VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF GEORGIA            )
                            ) ss
COUNTY OF HOUSTON           )

Pursuant to 28 U.S.C. § 1746, Plaintiff Suzette Lockart, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___June___ __21__, __2019__
            Month      Day     Year

_Suzette L. Lockart_
Signature